

**IN THE COURT OF CRIMINAL APPEALS**
**OF TEXAS**

**NO. WR-59,201-03**

**EX PARTE RICHARD VASQUEZ, Applicant**

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 98-CR-0730-E IN THE 148TH JUDICIAL DISTRICT COURT NUECES COUNTY**

*Per curiam*.

**O R D E R**

In June 1999, a jury found Applicant guilty of the offense of capital murder. *See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the trial court sentenced Applicant to death.[1] This Court affirmed Applicant's conviction and sentence on direct appeal. *Vasquez v. State*, No. AP-73,461 (Tex. Crim. App. Oct. 3, 2001) (not designated for publication). We denied relief on Applicant's initial post-conviction

---

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas Code of Criminal Procedure.

application for a writ of habeas corpus and dismissed his first subsequent application. *Ex parte Vasquez*, Nos. WR-59,201-01 and WR-59,201-02 (Tex. Crim. App. Jan. 26, 2005) (not designated for publication).

On April 15, 2015, Applicant filed in the trial court his second subsequent application for a writ of habeas corpus. After reviewing the application, this Court determined that the claims raised met the dictates of Article 11.071 § 5, and we remanded the application to the trial court for a review on the merits. *Ex parte Vasquez*, No. WR-59,201-03 (Tex. Crim. App. Mar. 23, 2016) (not designated for publication).

It has been almost five years since we remanded the application to the trial court. Accordingly, we order the trial court to resolve any remaining issues in the case within 45 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish